Living count Jail is refusing to fill out the part of the form that needs to be completed by the incarcerated. I have turn in request after request asking for it to be completed but nothing has happen

Judon Wilson



FILED
12/11/18 AM
DEC 11 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jadon Wilson (#21669), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 6997 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| Cook County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff submitted his complaint in this case without addressing the filing fee. If Plaintiff wishes to proceed with this suit, he has until 12/17/2018 to either: (1) submit a completed application for leave to proceed *in forma pauperis*; or (2) pre-pay the $400.00 filing fee. Failure to comply will result in the summary dismissal of this case. The Clerk is directed to send Plaintiff a blank application to proceed *in forma pauperis* and a copy of this order. Status hearing set for 1/8/2019 at 10:05 a.m.

## STATEMENT

Plaintiff Jadon Wilson, who apparently is a Cook County Jail detainee currently housed in Livingston County Jail, submitted a complaint invoking 42 U.S.C. § 1983, alleging that, because he has chosen to remain in protective custody for his safety, he is unable to participate in educational programming offered to inmates in the general population.

The Prison Litigation Reform Act (PLRA) requires all prisoners bringing civil cases in federal court to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). An inmate may pre-pay the $400 filing feel. In the alternative, if the prisoner is not able to pay the fee up-front, he may submit an affidavit including a statement of his assets, *id.* § 1915(a)(1), and seek leave to pay the fee through periodic deductions from his trust fund account. *Id.* § 1915(b)(1)-(2). A prisoner seeking leave to proceed *in forma pauperis* also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.* § 1915(a)(2). If this information shows that he is indigent, the Court uses it to calculate and assess "an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account." *Id.* § 1915(b)(1). After payment of that fee, the prisoner must "make monthly payments of 20 percent of the preceding month's income credited to [his] account," which is forwarded by the agency having custody of the prisoner each time the account balance exceeds $10. *Id.* § 1915(b)(2).

Here, Plaintiff has neither paid the $400 filing fee in full nor sought leave to instead pay the filing fee over time through installments. Accordingly, Plaintiff's submissions to date do not fulfill the requirements of the PLRA. If Plaintiff wishes to proceed with this lawsuit, he must address the filing fee for this case either by prepaying the full statutory filing fee or by obtaining leave to proceed without full prepayment.

If Plaintiff believes he qualifies to proceed without prepayment of the full $400 filing fee, he must submit a signed and accurately completed application for leave to proceed *in forma pauperis* that provides all requested information, including any relevant income for the *twelve months* before he filed this lawsuit (approximately October 12, 2017, through October 12, 2018). Along with an application, Plaintiff must also provide information and trust fund account statements regarding his income while incarcerated. He must answer the questions regarding his sources of income and provide certified trust fund account information from all facilities in which he has been incarcerated (including each county jail) between April 12, 2018, and the date of his application. Thus, he must obtain from an appropriate institutional official at each facility in which he was housed during that time: (1) a completed certification (on the last page of the application, of which he may make copies if needed); and (2) a corresponding trust fund account statement for his time at that facility.

Alternatively, Plaintiff may pay the full statutory filing fee of $400.00. Payment may be made by either a check or money order made payable to the Clerk, U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604.

Plaintiff's failure to comply with this order by December 17, 2018 will result in summary dismissal of this case.

November 19, 2018

United States District Judge

2

Jadon Wilson #21669
Livingston - LcS
844 West Lincoln Street
Pontiac, IL 61264



U.S District Court, Northern
District of Illinois
219 S. Dearborn St...
20th floor
Chicago IL 60604



12/11/2018-3